UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

Enzo Rivers,                       )
            Plaintiff,             )
                                   )
       v.                          ) C.A. NO. 10-11779-RWZ
                                   )
                                   )
Anthony Berry, et al.,             )
            Defendants.            )


## MEMORANDUM AND ORDER

For the reasons stated herein, this action will be dismissed.

## BACKGROUND AND FACTUAL ALLEGATIONS

Pro se plaintiff Enzo Rivers is a Massachusetts state prisoner currently confined at MCI Concord. On October 1, 2010, he filed an application to proceed in forma pauperis[1], and a complaint[2] against defendants Anthony and Cybil Berry. The complaint is not entirely coherent. However, as far as the Court can determine, it appears that plaintiff seeks to initiate a criminal action against the two defendants pursuant to 18 U.S.C.

---

[1] The court notes that because plaintiff is a prisoner, 28 U.S.C.§ 1915(a)(2) technically requires him to submit a certified copy of his prison account statement for review by the court in connection with his application to proceed in forma pauperis. Plaintiff did not do so. However, because it otherwise appears from his application that he is financially eligible to proceed pursuant to § 1915(a), and because the court is dismissing this action, plaintiff will not be required to submit a copy of his prison account statement at this time, nor will a partial filing fee and payment schedule be established at this time.

[2] Plaintiff, a state prisoner, submitted this action on a standard form used by federal prisoners seeking to vacate, set aside or correct a criminal sentence under 28 U.S.C. Section 2255. Upon review, however, it is clear from his allegations that plaintiff does not intend to file a Section 2255 petition.

Section 1841, a federal criminal statute entitled "Protection for Unborn Children."[3] More specifically, plaintiff alleges that in 1986, the defendants placed the plaintiff's girlfriend under "mental pressure" and thereby caused her to miscarry his child. Complaint pg. 4. Plaintiff states "I [wish] to press criminal charges under federal law 18 U.S.C.A. 1841, Protection of Unborn Children fetuses." Complaint pg. 4.

**ANALYSIS**

I. <u>Preliminary Screening Pursuant To 28 U.S.C. § 1915(a)</u>

When a plaintiff seeks leave to proceed <u>in forma pauperis</u> in a federal district court, as does the plaintiff in this case, his complaint is subject to screening and dismissal pursuant to 28 U.S.C. § 1915(e)(2) (screening of complaints filed <u>in forma pauperis</u>). The court has the authority to dismiss the complaint pursuant to § 1915(e)(2) if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C.§ 1915(e)(2); <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992)("clearly baseless" actions may be dismissed). <u>See also</u> <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (dismissal of <u>in forma pauperis</u> complaint is appropriate if the action lacks an

---

[3] 18 U.S.C. Section 1841(a) provides, in part, that "whoever engages in conduct that violates any of the provisions of law listed in subsection (b) and thereby causes the death of, or bodily injury... to, a child, who is in utero at the time the conduct takes place, is guilty of a separate offense under this section."

arguable basis either in law or in fact).

Further, a district court has inherent authority to dismiss a frivolous complaint sua sponte. See Mallard v. United States District Court, 490 U.S. 296, 307-08 (1989)(courts have authority to dismiss a frivolous or malicious lawsuits even in absence of any specific statutory provision); Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000)("district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources" and district court properly dismissed frivolous case, even in a fee-paying case).

II.  Plaintiff's Complaint Will Be Dismissed

Although the Court is mindful that pro se complaints must be liberally construed, plaintiff's complaint will nevertheless be dismissed because plaintiff has failed to set a viable basis for relief.  Quite simply, as a private citizen plaintiff lacks the authority to initiate a criminal prosecution against anyone. Keenan v. McGrath, 328 F.2d 610, 611 (1st Cir. 1964) ("not only are we unaware of any authority for permitting a private individual to initiate a criminal prosecution in his own name in a United States District Court, but also to sanction such a procedure would be to provide a means to circumvent the legal safeguards provided for persons accused of crime"). See also

Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989)(generally, private citizens have no authority to institute a federal criminal prosecution). Only the United States as prosecutor can initiate complaints under provisions of federal criminal law. See 28 U.S.C. Section 547(1) (each United States attorney shall "prosecute for all offenses against the United States"). See Martinez v. Ensor, 958 F. Supp. 515, 518 (D. Colo. 1997) ("criminal statutes can be enforced only by the proper authorities of the United States government, such as United States attorneys"). Accordingly, since plaintiff lacks standing to initiate a criminal action, this action must be dismissed.

## CONCLUSION

ACCORDINGLY, for the reasons set forth herein, this action is hereby DISMISSED.

SO ORDERED.

Dated at Boston, Massachusetts, this 28th day of October, 2010.

                                          /s/ Rya W. Zobel
                                          RYA W. ZOBEL
                                          UNITED STATES DISTRICT JUDGE